NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

*In re the Matter of:*

ROBYN HANGER, *Petitioner/Appellee,*

*v.*

JOEL HANGER, *Respondent/Appellant.*

No. 1 CA-CV 17-0721 FC
FILED 11-1-2018

Appeal from the Superior Court in Maricopa County
No. FC2012-070854
The Honorable J. Justin McGuire, Judge *Pro Tempore*

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

COUNSEL

Rader, Sheldon & Stoutner, PLLC, Phoenix
By Nicole D. Siqueros-Stoutner, Marc R. Grant, Jr.
*Counsel for Petitioner/Appellee*

Joel Hanger, Tonopah
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Paul J. McMurdie joined.

---

**C A T T A N I**, Judge:

¶1         Joel Hanger ("Father") appeals from the denial of his two motions to set aside a stipulated child support order and his petitions for simplified modification of child support.  For reasons that follow, we affirm the superior court's denial of Father's motions to set aside, but reverse the denial of Father's petitions for simplified modification of child support.

## FACTS AND PROCEDURAL BACKGROUND

¶2         In mid-2017, Father petitioned to modify an existing child support order due to significant changes in circumstances: the loss of his employment and a change in childcare costs.  In late October 2017, each party filed a financial affidavit in anticipation of the scheduled conference and hearing on modification.  Mother listed her annual income as $34,000 and her monthly income as $2,875; Father listed his year-to-date income as $51,680 and his monthly income as $1,040.  At the conference, Mother and Father stipulated to a child support order obligating Father to pay Mother $508.87 per month starting on October 1, 2017 (the "Stipulated Order").  The simultaneously-filed child support worksheet listed Father's annual income as $75,000 and Mother's annual income as $34,500.

¶3         One week later, Father filed a motion seeking to set aside the Stipulated Order and requesting modification of child support by simplified procedure.  Father filed an amended motion to the same effect four days later, to which he attached a child support worksheet that listed his annual income as $32,181.  Father argued that the court should set aside the Stipulated Order under Arizona Rule of Family Law Procedure ("ARFLP") 85 because (1) Mother's counsel surprised Father by communicating with him before the hearing, (2) Mother's counsel and the conference officer engaged in misconduct, and (3) Father was coerced into signing the Stipulated Order.  *See* ARFLP 85(C)(1)(a), (c), (f).  The court denied Father's motions.

¶4 Father appealed, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") § 12-2101(A)(2).

**DISCUSSION**

## I. Father's Motions to Set Aside.

¶5 We review the superior court's denial of a motion to set aside a judgment for an abuse of discretion. *Duckstein v. Wolf*, 230 Ariz. 227, 231, ¶ 8 (App. 2012). An abuse of discretion includes an error of law or an absence of substantial evidence to support the court's findings. *Id.* We will uphold the court's denial of a motion for relief from judgment unless "undisputed facts and circumstances . . . require a contrary ruling as a matter of law." *Coconino Pulp & Paper Co. v. Marvin*, 83 Ariz. 117, 121 (1957) (applying Arizona Rule of Civil Procedure 60); *see also* ARFLP 85 cmt. (noting that Rule 85 is an analogue of Rule 60 of the Arizona Rules of Civil Procedure); ARFLP 1 cmt. (case law interpreting substantially similar language in analogous civil rule applies to interpretation of ARFLP rule).

¶6 Father asserts that the superior court abused its discretion by improperly (1) denying his amended motion to set aside the Stipulated Order, arguing that he was coerced into signing it; (2) attributing income above minimum wage without explaining the reason for the attribution in violation of § 22 of the Arizona Child Support Guidelines, A.R.S. § 25-320 app. ("Guidelines"); and (3) entering an upward deviation of his income in violation of Guidelines § 20.

¶7 Father's arguments are unavailing. Under ARFLP 69(A)(1), "[a]n agreement between the parties shall be valid and binding if the agreement is in writing." Any such agreement "shall be presumed to be valid and binding, and it shall be the burden of the party challenging the validity of the agreement to prove any defect in the agreement." ARFLP 69(B). A party's subsequent change of heart does not provide grounds for relief from an order entered with the party's consent. *Cf. Duwyenie v. Moran*, 220 Ariz. 501, 506, ¶ 16 (App. 2009).

¶8 Here, the Stipulated Order was in writing and signed by both parties, and Father failed to present undisputed facts to rebut the presumption of validity and meet his burden of proving that the Stipulated Order was invalid. *See* ARFLP 69; *Coconino Pulp & Paper*, 83 Ariz. at 121. Father argued that he "felt coerced and threatened" into believing he would be incarcerated for failure to pay child support and would be attributed income higher than supported under the Guidelines should he fail to sign the Stipulated Order. But Mother disputed these allegations, noting instead

that Father was advised Mother would seek to attribute income of $100,000 per year (consistent with Father's previous earnings) should he refuse to settle. Similarly, Mother noted that the conference officer simply informed Father that he "would be attributed income greater than his unemployment income" (which was below minimum wage income), not that the income level would be more than what was proper under the Guidelines. Given these conflicting statements of fact, Father has not established a basis to reverse the superior court's denial of his motion(s) to set aside the Stipulated Order due to coercion.[1]

¶9        Next, Father mischaracterizes the Stipulated Order as both an upward deviation and an attribution of income. Despite Father's argument to the contrary, the superior court did not attribute income to Father; rather, Father himself agreed that his income was $75,000. The amount of child support in the Stipulated Order was calculated based on Father's $75,000 annual income, and Father signed the Stipulated Order, thus indicating, under penalty of perjury, that he had "read and agree[d] to this Order and that all the information contained in it is true and complete to the best of [Father's] knowledge and belief." Because the court did not attribute income to Father, the court was not required to explain the reason for an attribution. *See* Guidelines § 22.

¶10        Similarly, the superior court did not deviate from the Guidelines. A deviation occurs when the court "order[s] child support in an amount different from that which is provided pursuant to these guidelines." Guidelines § 20(A). Here, the court did not deviate from the Guideline amount and instead simply ordered what Father stipulated to in the child support worksheet submitted by the parties.

¶11        Father entered into the Stipulated Order, which was a valid and binding ARFLP 69 agreement. The superior court did not attribute income to Father or deviate from the Guideline amount of child support. Accordingly, the superior court did not abuse its discretion by denying Father's motions to set aside.

---

[1]        In his reply brief, Father contends that the Stipulated Order became void when the superior court improperly struck paragraph 14. We decline to address this contention because Father waived the argument by failing to raise it in his opening brief. *See Dawson v. Withycombe*, 216 Ariz. 84, 100, ¶ 40 n.11 (App. 2007).

## II. Father's Petitions to Modify.

¶12 Any child support order may be modified on a showing of a substantial and continuing change of circumstances. A.R.S. § 25-503(E); Guidelines § 24(A). The Guidelines provide for a simplified modification procedure if applying the Guidelines "results in an order that varies 15% or more from the existing amount." Guidelines § 24(B). In these circumstances, the Guidelines direct that "[a] fifteen percent variation in the amount of the order will be considered evidence of substantial and continuing change of circumstances." *Id.* We review the superior court's decision on a petition to modify child support for an abuse of discretion, accepting the court's factual findings unless clearly erroneous but considering de novo the court's conclusions of law and interpretation of the Guidelines. *Nia v. Nia*, 242 Ariz. 419, 422, ¶ 7 (App. 2017).

¶13 Father contends that his amended petition to modify (to which he attached a child support worksheet showing his income as $32,181 and a $0 child support obligation) showed the requisite 15% variation from the Stipulated Order (which established a $508.87 obligation based on Father's income of $75,000), and that the superior court thus erred by summarily denying his petition. We agree. Income is a relevant factor when determining child support, *see* Guidelines § 8, and Father's amended petition to modify stated a change from the level of income on which the Stipulated Order was based. The child support worksheet based on the new income figure and attached to Father's amended petition resulted in a more-than-15% variation in Father's child support obligation per the Guidelines as compared to the Stipulated Order.

¶14 The fact that Father previously stipulated to a higher income does not preclude him from seeking modification if he presents a colorable claim that there has been a 15% variation. Although the stipulation may be considered as evidence of Father's income (and although the court might be justified in attributing additional income to Father if appropriate, *see* Guidelines § 5(E); *Engel v. Landman*, 221 Ariz. 504, 510–11, ¶ 22 (App. 2009)), if Father is able to demonstrate through credible evidence that his income has changed, he may be entitled to a modification. *See Birnstihl v. Birnstihl*, 243 Ariz. 588, 592–94, ¶¶ 15–22 (App. 2018). Accordingly, before ruling on Father's amended petition, the superior court should have held an evidentiary hearing to determine whether changed circumstances warranted modification. *Id.* at 593–94, ¶¶ 17, 20.

### III.    Attorney's Fees on Appeal.

**¶15**        Mother requests an award of her attorney's fees under A.R.S. § 25-324(A).  Having considered the relevant factors and because Father is entitled to a hearing on his petition to modify child support, we decline to award Mother attorney's fees.

### CONCLUSION

**¶16**        For the foregoing reasons, we affirm the superior court's order denying Father's motions to vacate, but we reverse the court's order denying Father's amended petition to modify child support and remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:  AA